UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

HAROLD C. SMITH,

    Plaintiff,

v.                                    Case No. _____

SHELBY COUNTY BOARD OF EDUCATION,

    Defendants.

## COMPLAINT

Plaintiff Harold Smith brings this action against Defendant Shelby County Board of Education for violations of the Americans with Disabilities Act, 42 U.S.C. § 12117 *et seq.* and alleges the following:

### I.  PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Harold Smith, is an adult citizen of Shelby County, Tennessee.

2. Defendant Shelby County Board of Education (hereinafter, "Shelby County Schools" or "SCS") is a municipal entity that governs the business operations of Shelby County Schools in Shelby County, Tennessee.

3. Federal question jurisdiction is conferred on this court pursuant to the ADAAA and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391(c) in that a substantial part of the events or omissions giving rise to the claim occurred in this district and the Defendant conducts business and may be reached with service of process in this district.

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed a Charge of Discrimination (No. 490-2021-01177) with the Equal Employment Opportunity Commission.

6. On October 8, 2021, the Equal Employment Opportunity Commission issued its Dismissal and Notice of Rights.

7. This action is timely filed.

## III.   FACTS

8. Plaintiff has been a SCS teacher for approximately 24 years.

9. From 2017 to 2019, Plaintiff was the Assistant Principal at Crump Elementary.

10. In 2019, he became a Teacher on Special Assignment.

11. On or about March 8, 2020, the Shelby County Health Department confirmed the first case of the novel coronavirus (COVID-19) in Shelby County.

12. On March 12, 2020, SCS Superintendent Doris Ray announced that all SCS classes would be cancelled due to the spread of COVID-19.

13. SCS schools remain closed through the end of the school year and student began receiving virtual instruction via Microsoft Teams.

14. During this time, teachers and other SCS employees worked virtually.

15. On July 24, 2020, Plaintiff received a heart and kidney transplant at Vanderbilt University Medical Center and has since been under the care of the Vanderbilt Heart Transplant Program.

16. On January 12, 2021, Plaintiff's doctor him to return to work with certain restrictions.

17. Due to Plaintiff's immunosuppressed status, Plaintiff's doctor recommended that he be allowed to work virtually.

18. On January 25, 2021, Plaintiff returned to work virtually.

19. On February 12, 2021, SCS announced that the school district would return to in-person learning.

20. In response to this announcement, Plaintiff contacted Human Resources and requested an accommodation to continue to work remotely.

21. Plaintiff submitted additional medical documentation from his doctor explaining that during the first year post-transplant he would be on the highest levels of immunosuppression, at increased risk for COVID-19 infection, and increased risk for a poor outcome if he is infected.

22. Plaintiff's doctor recommended that he be allowed to work in a virtual capacity for his first-year post-transplant because of his high risk for infection and poor outcomes for infection.

23. Alternatively, Plaintiff requested that he be transferred to a different position that could be performed remotely.

24. SCS denied Plaintiff's request for an accommodation and told him that the only accommodation that could be provided was to allow him to work "in isolation" at the school building.

25. SCS informed Plaintiff that if he did not return to work in-person by February 21, 2021, he would be terminated.

26. When Plaintiff did not return to work in-person, his email and other electronic access to SCS was suspended as well as his pay.

27. Plaintiff requested that SCS speak with his doctor regarding his condition and limitations.

28. SCS declined to do so.

29. On April 5, 2021, Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission.

30. On April 6, 2021, SCS sent Plaintiff a notice charging him with insubordination for failing to return to work in-person.

31. On April 21, 2021, Plaintiff was notified that he would be suspended for three days.

32. In August 2021, Plaintiff was informed in a voicemail that working in isolation was no longer a possible accommodation and that he should resign.

33. As a result, Plaintiff contacted SCS requesting to resign.

34. Plaintiff contends that he could have returned to work had SCS granted him a reasonable accommodation.

35. This was involuntary and done to protect his retirement benefits and at the request of SCS.

36. Plaintiff was constructively discharged

37. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages related to the impairment to his employment record.

38.     As a result of Defendant's discriminatory conduct, Plaintiff suffers and continues to suffer damages, including past, present, and future earnings, bonuses, and other employment benefits.

39.     As a result of Defendant's discriminatory conduct, Plaintiff continues to suffer embarrassment, anxiety, emotional injuries, and other consequential damage and expense.

## JURY TRIAL REQUEST

40.     Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

41.     Plaintiff respectfully requests that this Court find that SCS discriminated against Plaintiff based on disability.

42.     Plaintiff respectfully request that this Court declare the discriminatory conduct by SCS unlawful and enjoin SCS from further unlawful employment practices.

43.     Plaintiff respectfully requests that this Court make Plaintiff whole by providing compensation in amounts to be determined at trial, with pre-judgment interest, for lost wages and benefits resulting from the discriminatory conduct and for other consequential damages, including Plaintiff's emotional damages.

44.     Plaintiff respectfully requests that the Court order SCS to pay reasonable attorneys' fees associated with this action.

45.     Plaintiff respectfully requests that the Court order such other relief as the Court deems necessary and proper.

Respectfully submitted,

/s/ Ashley Satterfield
Ashley Satterfield (TN# 030614)
Reaves Law Firm, PLLC

1991 Corporate Avenue, Suite 310  
Memphis, TN 38132  
Ashley.satterfield@beyourvoice.com  
P: (901) 417-7166  
F: (901) 328-1352